**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SIDNEY KEYS, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARK MOELLER, ) <br> Mayor of Maryland Heights, ) <br> ) <br> Defendant. ) | No.  4:25-cv-00356-RHH |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Sidney Keys, Sr.'s application to proceed in the district court without prepayment of fees and costs. Based on the financial information contained in the application, the Court will grant it. Additionally, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed without payment of the filing fee if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. §1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must

allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**The Complaint**

Plaintiff brings this civil complaint against defendant Mike Moeller, the Mayor of Maryland Heights, Missouri, alleging civil rights violations stemming from as far back as 2005. He states that in 2005, a Maryland Heights police officer handcuffed and physically assaulted his seven-year-old son while he was at school. He states that in that same year, three Maryland Heights police officers forced their way into his apartment and illegally searched it while his son was there. He states that he called the police department and asked why they were searching the apartment without a warrant, and he was told that the police did not find anything.

In an unrelated event, plaintiff alleges that in 2008, his neighbor said there was a Maryland Heights police officer searching plaintiff's van. Plaintiff states that he later found a "transmitter" in the van's ashtray.

Finally, plaintiff alleges that on October 27, 2023, a Maryland Heights police officer assisted the Presbyterian Church and Luerencia Ford in kidnapping plaintiff's children. He attaches to his complaint several pictures of his son and a text messaging stream with an individual

identified as Porcha Larez Mitchell. For his damages, plaintiff seeks "whatever the jury will award." ECF No. 1 at 4.

## Discussion

The Court will dismiss plaintiff's complaint on initial review for failure to state a claim upon which relief may be granted. Although plaintiff has sued Mike Moeller, the Mayor of Maryland Heights, he has made no allegations against him. Plaintiff has listed defendant's name in the caption of the complaint, but defendant's name appears nowhere in the body of the complaint.

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff has alleged no facts connecting defendant to any of his challenged actions. Because there is no causal connection between defendant and any alleged deprivation of plaintiff's

rights, the Court will dismiss this action for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 2]

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 31st day of March, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE